LFOGG, J.
The appeal in this medical malpractice case challenges the judgment of the trial court sustaining the defendant’s peremptory exception raising the objection of prescription and dismissing the plaintiffs lawsuit. For the following reasons, we affirm.
The petition alleges that on April 27, 1995, Dr. William D. Binder examined the plaintiff, Aida Kelly Andre, and informed her that she was infected with the herpes simplex virus. Dr. Binder ordered a culture of the infection which was performed at Women’s Hospital Outpatient Laboratory. On April 29, he received the laboratory report which showed that Ms. Andre was not suffering from the herpes simplex virus. However, he never communicated that information to Ms. Andre. On February 3, 1998, she first learned of the negative test results.
Ms. Andre filed suit against Dr. Binder on February 1, 1999, seeking damages caused by her continued belief that she suffered from the disease. Dr. Binder responded by filing a peremptory exception raising the objection of prescription. Therein, the defendant asserted that the plaintiffs petition reflected that the alleged act of negligence occurred more than three years before the plaintiff filed the instant suit for damages; therefore, her action is prescribed pursuant to LSA-R.S. *398 9:5628. The trial court sustained the exception and dismissed the plaintiffs lawsuit with prejudice. The plaintiff appeals that judgment.
Initially, the appellant asserts that the failure to advise her of her test results constitutes a non-medical oversight that produced non-medical consequences, and thus falls beyond the scope of the Medical Malpractice Act and the three-year prescriptive period of LSA-R.S. 9:5628.
We disagree. LSA-R.S. 9:5628 provides that “[n]o action [ Tor damages for injury or death against any physician ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought ... at the latest within a period of three years from the date of the alleged act, omission, or neglect.” The appellant’s complaint is that Dr. Binder failed to correct his misdiagnosis of her condition after receiving contrary laboratory results. Clearly, this omission arises “out of patient care” and is governed by the Louisiana Medical Malpractice Act.
Alternatively, the appellant asserts Dr. Binder’s continued failure to report the result of the test constitutes a continuing tort which only abated upon Ms. Andre’s discovery that her test result was negative; thus, the suit was timely filed. Continuous damage alone is insufficient to give rise to a continuing tort; in order to allege a continuing tort, a plaintiff must allege both continuous action and continuous damage. Abrams v. Herbert, 590 So.2d 1291 (La.App. 1 Cir.1991); see Winder v. Avet, 613 So.2d 199 (La.App. 1 Cir.1992), writs denied, 617 So.2d 907 (La.1993). In the instant case, there was no continuous relationship between Dr. Binder and Ms. Andre. Therefore, Dr. Binder’s alleged omission does not constitute a continuing tort.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellant, Aida Kelly Andre.
AFFIRMED.